UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **LIONEL JOSEPH HENDERSON**<br>    **FED. REG. #12794-035**<br>**VS.** | **CIVIL ACTION NO. 5:14-cv-0602**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS** |
| **WARDEN, UNITED STATES**<br>**PENITENTIARY, BEAUMONT** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Lionel Joseph Henderson, a prisoner in the custody of the United States Bureau of Prisons who is incarcerated at the United States Penitentiary, Beaumont, Texas, filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241 on March 19, 2014.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED** for lack of jurisdiction.

*Statement of the Case*

On April 21, 2006, petitioner was convicted of conspiracy to distribute crack cocaine and distribution of crack cocaine in the United States District Court for the Western District of Louisiana in the matter entitled *United States v. Keith Roman Henderson and Lionel Joseph Henderson*, No. 6:05-cr-60040. [Doc. 100] On July 28, 2006, he was sentenced to serve life imprisonment. [Doc. 116] His sentence was affirmed on appeal to the Fifth Circuit Court of Appeals on October 3, 2007. *United States v. Lionel Joseph Henderson,* No. 06-30878. [Doc. 142] He filed a Motion to Vacate Sentence in this Court on March 19, 2009 [Doc. 153], and on January 18, 2011, his Motion was denied and dismissed with prejudice. [Docs. 166 (Report and Recommendation) and 186 and 194 (Judgment)]. The United States Fifth Circuit Court of

Appeals denied his request for a Certificate of Appealability on August 19, 2011. *United States v. Lionel Joseph Henderson*, No. 11-30179. [Doc. 206]

His motion for reduction of sentence was denied on April 9, 2012 [Doc. 214] and on December 17, 2012, his appeal of that denial was dismissed as frivolous. *United States v. Lionel Joseph Henderson*, No. 12-30442. [Doc. 227]

On March 13, 2013, he filed another Motion to Vacate pursuant to Section 2255. [Doc. 229] He later amended his motion [Doc. 230] and applied for discovery. [Doc. 236] That civil action remains pending in the Lafayette Division of the Court. On March 19, 2014, he filed the instant *habeas corpus* petition.

## *Law and Analysis*

Petitioner invokes the jurisdiction of the Court citing 28 U.S.C. §2241 and styling his pleading as a "Petition for Writ of *Habeas Corpus* by a Prisoner in Federal Custody Under 28 U.S.C. §2241." He further claims that he filed the "... [Section] 2241 to open the 28 U.S.C. §2255(e) Savings Clause portal."

Petitioner was convicted and sentenced in the Western District of Louisiana; however, he is incarcerated at the United States Penitentiary, Beaumont, Texas.[1] A petition for *habeas corpus* filed pursuant to § 2241 must be filed in the district with jurisdiction over the prisoner or his custodian. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000). The district of incarceration is the only district that has jurisdiction to entertain a petitioner's § 2241 petition. *Lee v. Wetzel*, 244 F.3d 370 (5th Cir.2001) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999).) This court

---

[1] See Federal Bureau of Prisons "Find an Inmate" at http://www.bop.gov/inmateloc/ Beaumont, Texas is located in Jefferson County, Texas which is located in the Eastern District of Texas. 28 U.S.C. §124(c)(2).

does not have jurisdiction over this claim because the petitioner is not incarcerated in this district.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* filed pursuant to 28 U.S.C. §2241 be **DISMISSED** for want of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, April 4, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**